UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA REILLY, Personal Representative
of the Estate of Rosemarie Reilly,

    Plaintiff,

v.

COUNTY OF OTTAWA, et al.,

    Defendants.
_____/

Case No. 1:18-cv-1149

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration (ECF No. 64). Defendants Ottawa County, Ottawa County Sheriff's Department (OCSD) Police Officer Eric Tubergen, and OCSD Sergeants Chris Dill and Dennis Luce (collectively "the Ottawa County Defendants") filed a response in opposition (ECF No. 66), as did Grand Valley State University (GVSU) Police Officer Collin Wallace and GVSU Police Captain Brandon DeHaan (collectively "the GVSU Defendants") (ECF No. 67).[1] For the following reasons, Plaintiff's motion is properly denied.

Plaintiff initiated this § 1983 case in October 2018, alleging the following four claims:

I.    "Fourteenth Amendement [sic] Violations under 42 U.S.C. § 1983 as to (All/Individual) Defendants"

II.    "Municipal Liability as to Defendant Ottawa County"

III.    "Wrongful Death as to Defendants Tubergon [sic], Dill, Luce, Wallace, DeHaan and Kelley"

---

[1] Defendant Sean Kelley did not file a response.

      IV.    "Civil Conspiracy as to Defendants Tubergon [sic], Dill, Luce, Wallace, DeHaan and Kelley"

(Am. Compl., ECF No. 8). On September 21, 2020, this Court issued an Opinion and Order granting Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) as to all four claims (ECF No. 62) and closing this case (Judgment, ECF No. 63). Plaintiff now moves for reconsideration pursuant to FED. R. CIV. P. 59(e) regarding her claims in Counts I and III, only.

*Motion Standard.* Because the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, courts customarily treat such as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e), which is the rule upon which Plaintiff relies. *See, e.g., Huff v. Metro. Life Ins. Co.*, 678 F.2d 119, 122 (6th Cir. 1982) ("The district court properly treated the motion to reconsider as a motion under Rule 59 to alter or amend judgment."). "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cty., Tenn.*, 402 F. App'x 107, 108 (6th Cir. 2010). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Michigan Flyer LLC v. Wayne Cty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citation omitted). Under this Court's local rules, Plaintiff must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." *See* W.D. Mich. LCivR 7.4(a). Whether to grant or deny a motion for reconsideration falls within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 691 (6th Cir. 2012).

*Count I.* This Court carefully delineated the acts and omissions that Plaintiff alleged in Count I of her Amended Complaint and concluded that the alleged facts did not state a plausible claim against the individual Defendants under a state-created-danger theory of constitutional

liability under 42 U.S.C. § 1983 (Op. & Order, ECF No. 62 at PageID.437). Plaintiff expressly indicates that her motion for reconsideration is focused on only two of the delineated factual allegations, to wit: "Defendants' mailing of the arrest warrants and communications with both Jeremy and his father" (ECF No. 64 at PageID.458). As noted in the Opinion and Order, Plaintiff made these allegations in her Amended Complaint against no particular Defendant, alleging as follows:

- "[a] warrant was prepared by Defendant OCSD for Jeremy's arrest on October 28, 2016, arising out of Rosemarie's report of domestic violence," and "[p]ursuant to Defendant OCSD's policies, this warrant was mailed to Jeremy's residence" (Am. Compl. [ECF No. 8] ¶¶ 69-70); and

- "[u]pon information and belief, either Jeremy's father or one of the Defendant police officers in the area also informed Jeremy he had a warrant for his arrest relating to the domestic violence incident but did not effectuate his arrest" (*id.* ¶ 76).

In support of reconsideration, Plaintiff argues that this Court "implicitly engaged in an improper weighing of the facts" and did not give Plaintiff the benefit of all reasonable inferences (ECF No. 64 at PageID.456, 458-459). Plaintiff emphasizes that whether an officer's affirmative conduct "increases" the preexisting danger to a plaintiff is undeniably a fact-intensive inquiry and that the plausibility standard under Rule 12 "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]" (*id.* at PageID.459). Plaintiff argues that like the defendants in the Sixth Circuit's "new decision" in *Lipman v. Budish*, 974 F.3d 726 (6th Cir. 2020), Defendants in this case "may show during discovery that Rosemarie did not face an increased risk from Jeremy Kelly due to these affirmative acts, [b]ut that determination can only be made at the summary judgment stage" (*id.* at PageID.459-469).

Plaintiff's argument lacks merit.

As a threshold matter, as the Ottawa County Defendants point out, state-created danger claims are not invulnerable to dismissal under Rule 12 (ECF No. 66 at PageID.485, citing, e.g.,

3

*Nuchols v. Bserrong*, 141 F. App'x 451, 454 (6th Cir. 2005) (holding that the "complaint fails to allege necessary facts to prevail on [a state-created danger] theory …"). *See also Hudson v. Hudson*, 475 F.3d 741, 745 (6th Cir. 2007) (holding, at motion-to-dismiss stage, that the police officers' failure to serve a PPO "fails to satisfy the 'affirmative act' requirement necessary to establish a state-created-danger substantive due process claim").

Further, this Court did not misapply the standard for deciding motions under Rule 12. This Court determined that the facts Plaintiff had alleged, accepted as true and with all reasonable inferences drawn in Plaintiff's favor, did not state a plausible claim. Specifically, with regard to the warrants, the Court held that

> [U]nder the caselaw, the alleged failure by GVSU Officer Wallace and/or the OCSD officers to personally serve the arrest warrants in this case is … not an affirmative act that states a plausible *DeShaney* claim. *See, e.g., Jones v. Union Cty.*, 296 F.3d 417, 430-31 (6th Cir. 2002) (failure to timely serve ex parte PPO on ex-husband was not actionable under *DeShaney*, even though "the Sheriff's Department was well aware of the seriousness of the domestic problems involving [p]laintiff and her ex-husband."

(Op. & Order, ECF No. 62 at PageID.436-437). With regard to the alleged communications, the Court held that under binding Sixth Circuit caselaw,

> Defendants' conversations with Jeremy, notifying him of the decedent's report and/or telling him he was not going to be arrested, are also insufficient to state a *DeShaney* claim. *See, e.g., Brooks* [*v. Knapp*], 221 F. App'x [402,] at 406 [6th Cir. 2007] (holding that the defendant-officers did not do anything "affirmative" to "embolden" the ex-husband by interrogating him but failing to arrest him on the night of the murder); *May v. Franklin Cty. Comm'rs*, 437 F.3d 579, 584-86 (6th Cir. 2006) (officers who merely depart from the scene of a domestic violence call without having taken steps to reduce the risk of harm cannot be held liable under the "state-created danger" exception to *DeShaney*).

(*id.* at PageID.437).

The Sixth Circuit's decision in *Lipman* is neither a "new decision" nor an "intervening change in the controlling law." *Lipman* was published on September 4, 2020, before this Court issued its Opinion and Order in this case on September 21, 2020. Indeed, this Court referenced

4

*Lipman* in its Opinion and Order for the most recent iteration by the Sixth Circuit of the elements of a properly pleaded "state-created danger" claim (Op. & Order, ECF No. 62 at PageID.432). Notably, Plaintiff did not request leave to file any supplemental briefing to this Court on the application of *Lipman*.

The Sixth Circuit's decision in *Lipman* does not reveal a "clear error of law" or "palpable defect" in this Court's analysis. In *Lipman*, 974 F.3d at 746, which also arises from tragic facts, the Sixth Circuit held that the allegations of the complaint before it gave rise to the reasonable inference that "interviewing [the abused child] in front of her alleged abusers and asking about the source of her injuries increased her risk of further abuse." *Lipman* does not alter this Court's conclusion that Plaintiff's factual allegations in this case about "Defendants' mailing of the arrest warrants and communications with both Jeremy and his father" fail to state a cognizable claim. Indeed, as the GVSU Defendants point out (ECF No. 67 at PageID.499), Plaintiff's motion "fails to even attempt to distinguish" the binding Sixth Circuit caselaw upon which this Court relied for its conclusion. In short, Plaintiff's motion does not demonstrate that reconsideration of Count I is warranted.

*Count III.* Regarding Plaintiff's Count III, this Court determined that Plaintiff had not sufficiently pleaded a wrongful death claim to avoid governmental immunity (Op. & Order, ECF No. 62 at PageID.443). In support of reconsideration, Plaintiff argues that this Court misapplied the causation analysis the Michigan Supreme Court enunciated in *Ray v. Swagger,* 903 N.W.2d 366 (Mich. 2017), regarding MICH. COMP. LAWS § 691.1407(2) (ECF No. 64 at PageID.469-472). This Court explicitly referenced *Ray* in its analysis of Plaintiff's Count III. As Defendants more fully set forth in their responses, Plaintiff's argument merely presents the same issues ruled upon by the Court and therefore does not provide a proper ground for reconsideration.

5

Alternatively, Plaintiff argues that this Court should have declined to exercise supplemental jurisdiction over her gross negligence claim (ECF No. 64 at PageID.472-474). This argument also does not provide a proper ground for reconsideration. "Arguments raised for the first time in a motion for reconsideration are untimely." *Evanston Ins. Co.*, 683 F.3d at 692. Further, the argument does not reveal a "clear error of law" or "palpable defect" where 28 U.S.C. § 1367(c) permits, but does not require, a court to decline to exercise its supplemental jurisdiction. *See also Gamel v. Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (stating that § 1367 grants a district court "broad discretion" to decide whether to exercise jurisdiction over state-law claims).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 64) is DENIED.

Dated:  November 13, 2020                                    /s/ Janet T. Neff
                                                            JANET T. NEFF
                                                            United States District Judge